B.L. THOMAS, C.J., dissenting from the dissolution of rehearing en banc. I dissent from the Court’s decision dissolving its en banc rehearing in this case, after the Court initially granted Appellants’ Motion for Rehearing En Banc on June 15, 2017. Nothing short of 'a grave injustice has been done in this case: a prospective juror, who later served as the jury foreperson, withheld information during voir dire that he had previously likened a party to a slaveholder or a leech, and after voting to return a multi-million dollar verdict against that party, the juror exulted in the verdict, calling the party “Satan.” And here, the trial court had not one but two alternate jurors who could have replaced the biased juror. Trial lawyers practice in extremely difficult circumstances and cannot read minds to discover hidden biases of prospective jurors, who give false answers in voir dire. There was no failure on the part of Appellants to discover this undisclosed bias and animosity. We held in Philip Morris USA, Inc. v. Brown, 96 So.3d 468 (Fla. 1st DCA 2012), that a trial judge who compared the company’s corporate executive officer to a war criminal mandated removal of the trial judge from the case. But here, we are affirming an unjust verdict tainted by a biased juror. Thus, I dissent from the decision to dissolve our previous conclusion that-the court should rehear this ease-en banc.